IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01133–RM–KMT

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Plaintiff,

v.

ANTHONY E. AYNES,
CHRISTOPHER C. AYNES, a/k/a CHRISTOPHER C. VANDERSLICE, and
TIMOTHY N. AYNES (nee MARSHALL),

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's the Prudential Insurance Company of America's Response to Court's Order Directing Plaintiff to Show Cause Why the Court Has Subject Matter Jurisdiction" (Doc. No. 56, filed September 24, 2015).

On September 3, 2014, this court issued an order denying without prejudice its Motion for Default and Summary Judgment. (Doc. No. 55.) The court noted that it appears this Court does not have subject matter jurisdiction, as Plaintiff has not deposited any money in the court registry. (*Id.* [citing 28 U.S.C. § 1335].) The court also noted that it is unable to determine if the adverse claimants are of diverse citizenship. (*See id.* [citing 28 U.S.C. §§ 1332 & 1335].) The court ordered the Plaintiff, no later than September 24, 2014, to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. (*See id.*)

Plaintiff filed its response in which it explains that it "sought a court order permitting it to deposit the subject proceeds into the Court's registry though its Motion for Default Judgment and Summary Judgment." (Doc. No. 56 at 6.) This is insufficient, as statutory interpleader requires the deposit of disputed funds as a condition precedent to a district court's acquisition of subject matter jurisdiction. *See*, *e.g.*, *Schneider v. Cate*, 405 F. Supp. 2d 1254, 1267 (D. Colo. 2005) (citing *Gannon v. Am. Airlines, Inc.*, 251 F.2d 476, 481 (10th Cir.1957)).

Though the Tenth Circuit appears never to have addressed when disputed funds must be deposited into a court's registry to trigger or maintain subject matter jurisdiction in a statutory interpleader action, circuit and district courts outside of this circuit have held that a plaintiff's failure to timely deposit disputed funds creates a jurisdictional infirmity that is easily cured. *See*, *e.g.*, *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 396–97 (S.D.N.Y.2006) (stating that "failure to deposit the stake with the Court's registry alone would not warrant outright dismissal;" asserting it would be error to "dismiss the complaint without affording an opportunity to cure;" and citing multiple district and circuit court cases so holding); *see also Star Ins. Co. v. Cedar Valley Express, L.L.C.*, 273 F.Supp.2d 38, 42 (D.D.C. 2002) (finding statutory requirements of section 1335 met where plaintiff "requested permission to deposit [disputed funds] with the court registry").

Moreover, other district courts in this circuit allow plaintiffs the opportunity to cure jurisdictional infirmity caused by their failure to interplead funds rather than dismiss their complaints. *See*, *e.g.*, *AIG Annuity Ins. Co. v. Law Offices of Theodore Coates, P.C.*, No. 07-cv-01908-EWN-KMT, 2008 WL 4079982, at *8–10 (D. Colo. Sept. 2, 2008) (finding subject matter jurisdiction over the plaintiff's complaint lacking but allowing the plaintiff to deposit the funds

into the court registry and cure jurisdictional infirmity); *Prudential Ins. Co. of Am. v. Bank of Commerce*, 857 F. Supp. 62, 65 (D. Kan. 1994) ("We conclude that we lack jurisdiction over the instant interpleader action at the present time because the proposed bond is not adequate . . . . Rather than dismiss the action, however, the court will give [plaintiff] the opportunity to post [a compliant bond] or, in the alternative, deposit that sum in the court registry."). Similarly, this court appears to have dismissed a statutory interpleader action only where the plaintiff neither deposited the disputed asset, nor had the legal power to do so. *See Network Solutions, Inc. v. Clue Computing, Inc.*, 946 F. Supp. 858, 860 (D. Colo. 1996) (dismissing a statutory interpleader complaint where the plaintiff could not "deliver [the disputed asset] to the Court"). Finally, as Plaintiff correctly states, this court's local rule pertaining to the deposit of funds provides that "funds shall be tendered to the court or its officers for deposit into the [Court's] registry only under court order." D.C.COLO.LCivR 67.2(a).

Thus, to cure the jurisdictional infirmity, it is

**ORDERED** that Plaintiff shall deposit into this court's registry the Death Benefit plus claim interest, if any, no later than **October 19, 2015**. If Plaintiff fails to comply with this Order, this court will recommend that this case be dismissed for lack of subject matter jurisdiction.

Dated this 5th day of October, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge